# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *   *
GAINES HEARNS,    *
   *     No. 14-669V
   Petitioner,    *     Special Master Christian J. Moran
   *
v.    *     Filed: October 16, 2015
   *
SECRETARY OF HEALTH    *     Damages; decision based on proffer;
AND HUMAN SERVICES,    *     influenza ("flu") vaccination;
   *     shoulder injury.
   Respondent.    *
* * * * * * * * * * * * * * * * * * * *   *

Ronald C. Homer, Conway, Homer & Chin-Caplan, Boston, MA, for Petitioner;
Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On July 29, 2014, Gaines Hearns filed a petition seeking compensation
under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1
et seq., alleging that the trivalent influenza vaccination caused him to suffer a
shoulder injury related to vaccine administration ("SIRVA").

On October 14, 2015, respondent filed a Proffer on Award of Compensation,
to which petitioner agrees. Based upon the record as a whole, the special master
finds the proffer reasonable and that petitioner is entitled to an award as stated in
the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special
master will appear in the document posted on the website.

1.      **A lump sum payment of $75,000.00, in the form of a check payable to petitioner, Gaines Hearns.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth below in paragraph 2; and**

2.      **A lump sum of $307.27, which amount represents reimbursement of a lien for services rendered on behalf of Gaines Hearns, in the form of a check payable jointly to petitioner and**

**HMS**
**TPL Recovery Unit**
**2000 Interstate Park Dr., Suite 401**
**Montgomery, AL 36109**
**Case No: 160873**

**Petitioner agrees to endorse this payment to the HMS, TPL Recovery Unit.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 14-669V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

GAINES HEARNS,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 14-669V
Special Master Moran
ECF

## PROFFER ON AWARD OF COMPENSATION

## I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be

awarded $75,307.27, which represents all elements of compensation to which petitioner would

be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through the following payments:

a.     A lump sum of **$75,000.00** in the form of a check payable to petitioner.  This
amount represents compensation for all damages that would be available under
42 U.S.C. §300aa-15(a), except as set forth in paragraph II.b; and

b.     A lump sum of **$307.27,** which amount represents reimbursement of a lien for
services rendered on behalf of petitioner, in the form of a check payable jointly
to petitioner[1] and

                   HMS
           TPL Recovery Unit
    2000 Interstate Park Dr., Suite 401
       Montgomery, AL  36109
         Case No: 160873

---

[1] Petitioner agrees to endorse this payment to the appropriate State agency.

Petitioner agrees.[2]

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

/s Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 305-1586

DATED: October 14, 2015

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.